UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CHRISTOPHER LEE SCOTT,

Plaintiff,

v.                                                          CAUSE NO. 3:19-CV-927-JD-MGG

MATT HASSEL, et al.,

Defendants.

OPINION AND ORDER

Christopher Lee Scott, a prisoner without a lawyer, filed a complaint (ECF 1) against Marshall County Sheriff Matt Hassel and three jail officers based on his treatment on August 24, 2019, when he was a pre-trial detainee at the Marshall County Jail. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

On August 24, 2019, Officer Crawford was passing out clean clothing, but he refused to give Scott clean clothing because he did not have any in Scott's size. Scott asked him repeatedly to provide him with clean clothing when it was available, but Officer Crawford refused. At 2:30 p.m., count was being taken and Scott refused to

appear until he was given clothing. He eventually complied, but he was placed on restrictions for thirty days because he initially refused. Scott asked Crawford to see a sergeant, but he would not permit it. At 10:00 p.m., Officer Crawford went into Scott's cell and placed his hands on him "in a rude insolent manner tearing [his] blanket from [him.] While Ofc[.] Rosinski and Ofc[.] Hancock ripped [him] from [his] bunk with the help of Ofc[.] Crawford and threw [him] to the floor placing [him] in handcuffs because [he] wanted clean clothing and to speak with a Sgt[.] about their actions." (ECF 1 at 2.) During the incident, Scott tore something in an area where double hernia surgery had been performed, causing him great pain. Following the incident, Scott was placed in a cell with an inmate that was on administrative segregation and should have been housed alone. He was assaulted by that inmate, which caused him additional pain, and as a result of that incident, fourteen days of segregation were added to his restrictions.

Because Scott was a pretrial detainee on August 24, 2019, the court must assess his claims under the Fourteenth Amendment instead of the Eighth Amendment. *See Mulvania v. Sheriff of Rock Island Cty.*, 850 F.3d 849, 856 (7th Cir. 2017). "[T]he Fourteenth Amendment's Due Process Clause prohibits holding pretrial detainees in conditions that amount to punishment." *Id.* "A pretrial condition can amount to punishment in two ways: first, if it is imposed for the purpose of punishment, or second, if the condition is not reasonably related to a legitimate goal—if it is arbitrary or purposeless—a court permissibly may infer that the purpose of the government action is punishment." *Id.* A pretrial detainee can "prevail by providing only objective evidence that the challenged governmental action is not rationally related to a

legitimate governmental objective or that it is excessive in relation to that purpose."

*Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015). Giving Scott the inferences to which

he is entitled at this stage of the proceedings, he has plausibly alleged a claim against

Officer Crawford, Officer Rosinski, and Officer Hancock for subjecting him to

conditions that amount to punishment on August 24, 2019, in violation of the

Fourteenth Amendment.

As to Sheriff Hassel, Scott alleges only that he is in charge of the jail. There is no

general *respondeat superior* liability under 42 U.S.C. § 1983. "Only persons who cause or

participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir.

2007). "[P]ublic employees are responsible for their own misdeeds but not for anyone

else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). Scott does not allege that

Sheriff Hassel was personally involved in the events giving rise to this lawsuit, and he

therefore cannot proceed against him.

For these reasons, the court:

(1) GRANTS Christopher Scott leave to proceed against Officer S. Crawford,

Officer C. Rosinski, and Officer Hancock in their individual capacity for compensatory

and punitive damages for subjecting Christopher Scott to conditions that amounted to

punishment on August 24, 2019, in violation of the Fourteenth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Marshall County Sheriff Matt Hassel;

(4) DIRECTS the clerk and the United States Marshals Service to issue and serve

process on Officer S. Crawford, Officer C. Rosinski, and Officer Hancock at the Marshall

County Sheriff's Department with a copy of this order and the complaint (ECF 1),

pursuant to 28 U.S.C. § 1915(d); and

(5) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Officer S. Crawford, Officer

C. Rosinski, and Officer Hancock respond, as provided for in the Federal Rules of Civil

Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been

granted leave to proceed in this screening order.

SO ORDERED on November 12, 2019

_____/s/ JON E. DEGUILIO_____
JUDGE
UNITED STATES DISTRICT COURT